NEWMAN WALKER v. THE STATE.

No. 1667.   Decided May 10, 1899.

**Jury Law—Separation of Jury.**

On a trial for arson, where, during meal time, four of the jurors who were ill were left in the jury room in the third story of the court house, under lock and key, with no mode of ingress or egress to the jury room except the door, which was locked, while the sheriff took the other eight jurors to the hotel, they being absent from those in the jury room some forty-five minutes; Held, this did not constitute in law an illegal separation of the jury. The whole jury were, during the time, in the custody of an officer.

APPEAL from the District Court of Comanche.   Tried below before Hon. T. C. WILKERSON, Special Judge.

Appeal from a conviction for arson; penalty, five years imprisonment in the penitentiary.

No statement of facts in the record.

*R. C. Joiner, McCain & Daniel,* and *G. H. Goodson,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of arson, and his punishment assessed at confinement in the penitentiary for a term of five years, and he appeals.

There is only one question in this case.   Appellant insists that the judgment should be reversed on account of the separation of the jury. The record discloses that the trial lasted several days, and in the meantime the jury were kept together over night, when they were not present in court, in a certain room in the third story of the courthouse.   On Sunday, the weather being very cold, and four of the jurors being ill, at meal time these four were locked in the jury room, and the other eight were taken in custody by the sheriff, and escorted to the hotel, some 400 feet from the courthouse, and thence to a wagon yard, some 300 or 400 feet further, and thence back to the court house and to their jury room.   They were absent from the other portion of the jury in all about forty-five minutes.   The meals of the other four jurors were sent to them.   It is claimed that this was a separation of the jury, in contemplation of our statutes on the subject; and we are referred to the case of McCampbell v. State, 37 Texas Criminal Reports, 607, in support of this contention. That was a felony case, in which, after the jury had been impaneled, had heard all the evidence, and retired to consider their verdict, one of the jurors was permitted by the judge to leave the jury, and go in the country, and stay with his sick child some thirty-six hours, unattended by any officer.   In that case we reviewed the authorities, and followed that line of decisions which holds that where a jury in a felony case separate, unattended by an officer, this will be cause for reversal, and in all such cases the statute was imperative that in the separation of the jury those sepa-

rated should be attended by an officer. That, as stated before, was a clear case of separation. But we do not regard this as such a case. The whole jury were during all the time in the custody of an officer. The four left in the jury room were under lock and key. The sheriff had that key in his pocket, and there was no mode of ingress or egress into the jury room except through the door, which was locked. In the meantime those separating were in the custody of the sheriff. We can not regard this as a separation. To do so, it seems to us, would be a travesty on the administration of law. The judgment is affirmed.

*Affirmed.*