YSEQUEL YSAGUIRRE V. THE STATE.

No. 2233.    Decided October 24, 1900.

**1. New Trial—Misconduct of Jury—Receiving New Evidence.**

On the trial of a criminal case, where the jury, after their retirement and before agreeing upon a verdict, have received evidence of a material character, whether legal or illegal, bearing upon some material issue in the case, as that defendant had been previously convicted and imprisoned in the penitentiary, such fact by the terms of subdivision 7, article 817, Code of Criminal Procedure, makes a new trial mandatory. Following Mitchell v. State, 36 Texas Crim. Rep., 278.

**2. Same.**

Where one H., a juror, made affidivit that while the jury were deliberating and before they had agreed upon a verdict, another juror, one B., who was holding out for acquittal, told him that a third juror (whose name is not disclosed) stated that he had heard defendant had been convicted in a former case and had served a term in the penitentiary, and that, if this was so, he would agree to a conviction; and that said juror had subsequently agreed to a verdict of conviction; Held, this was sufficient of itself, although hearsay, to demand a new trial in view of the fact that the State did not call the juror B., and by him disprove the statement.

APPEAL from the District Court of Duval. Tried below before Hon. A. L. McLEAN.

Appeal from a conviction of cattle-theft; penalty, two years confinement in the penitentiary.

No statement of the case required.

*S. J. Lancaster,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of cattle-theft, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

Appellant assigns a number of reasons why the case should be reversed, but, in our view, only one is well taken, to wit, regarding the conduct of the jury after their retirement in discussing the character of appellant with reference to a former conviction and imprisonment in the penitentiary. This question is raised in the motion for new trial, and is supported alone by the affidavit of W. W. Horsby, one of the jurors. Horsby swears that while the jury were deliberating, and before they had agreed on their verdict, one Beecher, a member of the jury who was holding out for acquittal, told him that another member of the jury (whose name is not disclosed) stated he had heard appellant had been convicted in a former case, and had served a term in the penitentiary, and if this was true he would agree to a verdict of conviction, and that said juror subsequently agreed to the verdict of conviction. This is the substance of his affidavit for the defendant. He subsequently made another affidavit, evidently at the suggestion of the State, with reference to the same matter, but he does not in any wise modify or eliminate what he had before stated. He merely states, in addition, that so far as he knew no juror was influenced by the matter stated by the juror Beecher. Furthermore, that there was no discussion of the character or reputation of the defendant by the jurors after their retirement to consider their verdict to his knowledge; that all he heard was what Beecher told him. The assistant attorney-general insists that this is not such a matter, as disclosed by the affidavits, as would authorize a reversal of the case, and cites us to Austin v. State, 42 Texas, 355, and Cox v. State, 28 Texas Criminal Appeals, 92. In Austin's case, supra, the court in construing the statute (subdivision 7, article 817, Code of Criminal Procedure), states that said subdivision makes a new trial conditional on some injury shown to defendant. Cox's case follows Austin's case, citing same authority. In Mitchell v. State, 36 Texas Criminal Reports, 278, said subdivision, in connection with subdivision 8, is construed, and it is there held: "Where the jury have received evidence of a material character,—that is, bearing upon some material issue in the case,—subdivision 7, by its terms, makes a new trial mandatory;" and a distinction is drawn between said subdivision and the ensuing subdivision 8. We would further observe in this connection that we do not understand the statute to mean that the evidence must be of a legal character. It may be hearsay or otherwise illegal testimony; but if it has a material bearing on some issue in the case,

and is calculated to injure appellant, we will not speculate on whether or not it did injure, or whether or not the verdict could otherwise be sustained. In this case the evidence was of a circumstantial character, and the evidence received by the jury after retirement bore upon the character of appellant. It may not have been legitimate evidence of character, and doubtless would have been excluded if it had been offered before the jury and objection made. Yet it was calculated, whether given before the jury without objection or after their retirement, to disparage defendant in the minds of the jury.

It is further insisted that the record is not full enough, and that the testimony as presented in the affidavit shows that it was of a hearsay character; that it was incumbent on the defendant, who sought to impeach the verdict, to have gone further, and have had the witness Beecher, at least, before the court. This would certainly have been more satisfactory, but we do not agree to the contention that it was incumbent on the appellant to have introduced this testimony. By the evidence offered he informed the court that the matter of a former conviction had been discussed before the jury, and that the discussion was before the agreement to a verdict by them, and that the very juror, who the affidavit shows had been informed of the fact of a former conviction, was holding out for acquittal until the information was imparted to him. As the matter was presented, we think it was the duty of the State, if not satisfied as to the correctness of the matter, to have probed it further, and had Beecher and others of the jury before the court. As it was left, the evidence established the fact, which was not gainsaid, that the matter of a former conviction had been mentioned to one of the jurors, and that it was discussed by him to another juror, and we do not believe that it would be a good precedent to allow this verdict to stand. With reference to the separation of the jury, we do not think it was such separation as is contemplated by our statute. Lamar v. State (Texas Crim. App.), 39 S. W. Rep., 677; Walker v. State (Texas Crim. App.), 51 S. W. Rep., 234; Griffey v. State (Texas Crim. App.), 56 S. W. Rep., 335. Because the jury received other evidence after their retirement bearing on a material issue in the case, and which was calculated, in our opinion, to influence their verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*