SILVESTER TARRANGO v. THE STATE.

No. 2603. Decided January 14, 1903.

**Theft from the Person—Evidence Insufficient.**

On a trial for theft from the person, the evidence is insufficient which shows that defendant thrust his hand into the pocket of prosecutor without getting possession of the money therein, or taking any of it therefrom.

Appeal from the District Court of El Paso. Tried below before Hon. A. M. Walthall.

Appeal from a conviction of theft from the person; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No briefs for either party found with the record.

BROOKS, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at confinement in the penitentiary for a term of seven years.

The only question necessary to be reviewed is the sufficiency of the evidence. Prosecuting witness testified: That he was standing in front of the Wigwam saloon in El Paso, listening to the Salvation Army girls singing. A large crowd was present. That he was standing with his back towards the saloon, and facing the Salvation Army people, who were in the street. "My hands were down by my side, and I was on the edge of the sidewalk. While standing there, a lady came pushing through the crowd, and I stepped backwards to make room for her to pass. I then felt some one's hand in my right-hand pants pocket. Immediately I wheeled around, and observed defendant removing his hand from my pocket. I asked him why he put his hand in my pocket, but he denied having done so, and became very abusive. I saw a policeman standing near, called him, and had defendant arrested. There were three silver dollars, American money,—that is, money current as coin in the United States of America,—and eighty cents, small change, in the pocket in which defendant put his hand. Defendant must have had his hand on the money, because the hand was entirely in; that is, when I observed it, it was in the pocket clear up to the wrist joint. The pocket was not deeper

than my hand's length; that is, from the end of my fingers to the wrist joint. That is why I say he must have had his hand on the money. As I wheeled around, defendant was drawing his hand from the pocket. After the hand was extricated, all the money was still in my pocket." In order to constitute theft from the person, the evidence must show that the property or money has come into the possession of the accused. The bare touching of the money would not constitute such possession as the law requires. The facts of this case are much like those in Rodriguez v. State (just decided), 71 S. W. Rep., 596, and for a collation of the authorities see that opinion.

Because the evidence is not sufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*