## William B. Long v. The State.

### No. 4032. Decided November 11, 1908.

#### 1.—Theft—Evidence—Conspiracy—Declaration of Co-Conspirators.

Where upon trial for theft a conspiracy was proved between defendant and others by circumstances as well as the acts of the parties, testimony so closely related to the immediate act of taking that it was clearly a part of the transaction of the theft was admissible, although defendant was not immediately present but was so near by and was so connected with the theft that the acts and declarations of his co-conspirators were admissible in evidence as a part of the immediate transaction, and there was no error.

**2.—Same—Evidence—Withdrawal of Illegal Testimony.**

Where upon trial for theft, testimony was introduced which included an opinion of the witness, and there was no exception at the time to the same, and the court withdrew that part of the testimony in regard to the opinion of the witness, there was no error.

**3.—Same—Evidence—Examining-Trial Testimony—Predicate.**

Where upon trial for theft a sufficient predicate had been laid as to the fact that the absent witnesses lived beyond the limits of the State, there was no error in admitting in evidence the testimony of these absent witnesses given under due form of law in the examining trial of the defendant of the offense upon which he was then on trial. Following Hobbs v. State, 53 Texas Crim. Rep., 71.

**4.—Same—Charge of Court—Contemporaneous Crime.**

Where upon trial for theft the evidence showed that the defendant and others were blocking up the way of the injured party of their entrance into a railway car, while other codefendants were behind crowding from that direction and that under these circumstances the property was stolen, there was no error in the court's failure to charge the purpose for which the testimony introduced in reference to a contemporaneous offense was introduced, as it was all one and the same transaction.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. Winslow* and *Anderson & Belden,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Bill of exceptions No. 2, reserved by appellant, insists upon error in the ruling of the court admitting the testimony of Frank Hagan. This bill shows that Charles Lea was jointly indicted with appellant but was not on trial; that at the time of the alleged theft Lea was running away from the passenger coach where the theft occurred and in running away he fell or was tripped by Powell; that the witness Hagan caught and arrested Lea; that Leo Somers was also jointly indicted with appellant but was not on trial, but came where witness and Lea were, and that said Somers stated to the witness that he should turn Lea loose, that Lea was a passenger on the train and asked the witness, "Why in the hell do you arrest him?" Objection to this was that it was inadmissible, because made in the absence of appellant and after the termination and completion of the conspiracy, if any conspiracy was shown, it being conceded that appellant was not present when the statements were made by Somers to the witness. The bill further recites that the court admitted this testimony as circumstances and facts tending to show and establish a conspiracy and prior agreement. This evidence was admissible under the facts of the case. The bill, however, is not sufficiently explicit,

in our judgment, to manifest the inadmissibility of the testimony or to authorize the court to come to the conclusion, even on the face of the bill, that the evidence was improperly admitted. Without going into a detailed statement of the evidence, it is made apparent that appellant, Somers and Lea, and perhaps one or two others, were engaged in a conspiracy to take from the persons of the injured parties, Boehler, and Schneider and wife, property. In pursuance of this agreement some of them preceded the Schneiders and Boehler into the car. The others followed along behind them. As the Schneiders and Boehler entered the car, some of the conspirators undertook to pass out of the car with the request to let them out, as the car was too crowded. Those behind coming up requesting that they be permitted to pass in, and so pressed upon the Schneiders and Boehler. Under these circumstances, their property was taken—from old man Schneider, a handsome diamond pin and from Boehler a pocketbook containing $20 in United States money and $20 in Mexican money. One of the officers about the railroad yards had observed the movements of these parties and followed close at hand, keeping well in touch with them, and when he saw the pin taken from Schneider, he immediately undertook to arrest the party. One of the parties fled from the car and upon reaching the ground fell and was arrested. The pocketbook either fell in front, or was thrown by him, in front of him as he fell and was then picked up. Codefendant Lea, it seems, was the man who got Schneider's diamond pin. The conspiracy was proved by circumstances, as well as the acts of the parties, and we think the evidence is cogent that the property was taken from these parties in pursuance of a well organized and well executed scheme. The testimony, then, objected to was so closely related to the immediate act of taking and was so connected with the immediate theft that it was clearly a part of the transaction. The statement of Somers to the effect that one of the crowd was a passenger on the train, under all the circumstances, was clearly admissible as a fact occurring at the time of the theft. It is true if we look at the statement of facts and may be from the bill of exceptions, that appellant was not immediately present but he was nearby, and, under the facts detailed by the witnesses, was so connected with the theft that it was admissible as a part of the immediate transaction. We are of the opinion that the facts in this case do not bring appellant's exceptions within the rule that they are statements of a co-conspirator made after the termination of the conspiracy.

The witness Valls testified to a little matter that occurred between himself and appellant at the hotel where appellant had stopped and where Valls was also a boarder, in regard to opening the door of the hotel. There was no exception, so far as the bill is concerned, to the introduction of this evidence. However, the trial judge instructed the jury to disregard all that part of Valls' testimony

wherein he expressed an opinion as to what the purpose of Long was in opening the hotel door for him or offering to open the hotel door for him. Of course, Mr. Valls' opinion as to what Long's object and purpose was in opening the door, would not be admissible as evidence. The court instructed the jury to disregard this opinion of the witness. The contention in the bill is that this was such error as could not be cured by the court's charge withdrawing it from the jury. As before stated, appellant did not object to the introduction of this testimony, at least the bill does not so show, and if it was irrelevant or inadmissible, appellant could not complain of its going before the jury, unless an exception had been reserved. The exception here, it will be observed, was based on the fact that it was such error that it could not be withdrawn by the court's charge. We are of opinion that appellant, in regard to this matter, is not in condition to complain. It had gone as testimony before the jury without objection and could have remained, but the court, concluding that it was best to do so, did withdraw it from the consideration of the jury. So, as presented by the bill, we are of opinion that no error is shown of which appellant can complain.

The testimony of John Schneider and his wife, Christiana Schneider, taken before the examining court on the trial of this appellant, was introduced before the jury upon the predicate laid that they were absent from the State. The first proposition presented by appellant is the want of evidence that these witnesses were beyond the State. Murray testified that he lived in Texas and knew the Schneiders in Cleveland, Ohio, before he removed to Texas; that he had received several letters from them since they left Texas, about a month before he was testifying; that he had mailed them local papers; that the Schneiders were now outside of the State. That he had not seen the Schneiders leave the State, and had not seen them since they left Laredo, after they had testified in the examining court. Fritz Boehler testified that John and Christiana Schneider were his uncle and aunt, respectively, and lived in Cleveland, Ohio; that when they left Laredo he accompanied them as far as San Antonio, Texas; that the last he saw of them was when they left San Antonio, bound for New Orleans, Louisiana, and Chicago, Illinois, where they were going to visit their son at the Brewers' school. That he received a letter from them at some point in Mississippi, dated the 2d day of April, 1908, and that the said Schneiders are now outside of the State of Texas. The court qualified this bill by stating that Boehler testified further that the Schneiders had lived in Cleveland, Ohio, since 1884 or 1885 and that he had visited them there prior to their visit to Monterey, Mexico on this occasion. The above is shown by a bill of exceptions. By going to the statement of facts the predicate is a little strengthened by the testimony of these two witnesses. Murray stated that he lived in Laredo, Texas, was at present employed as a railroad

fireman on the National Lines of Mexico; that he formerly resided in Cleveland, Ohio, and knew John and Christiana Schneider, also their son, when he lived in Ohio; that they lived there and had a home there at that time; that he again saw the Schneiders when they were in Laredo on the 21st of March, 1908, when they testified at the examining trial; that the witness left Ohio several years ago and saw the Schneiders for the last time on the day after the examining trial when they boarded the train bound for San Antonio, Texas; that he received a letter from them from Natchez, Mississippi, and had received a letter from their son from Cleveland, Ohio, dated April 2, 1908; that he had mailed them several local papers to Cleveland, Ohio, and that to the best of his knowledge the Schneiders now live in Cleveland, Ohio, but that he had not seen them since they left Laredo on or about the 22d of March, 1908. Boehler testified that the Schneiders were his relatives; that he accompanied them from Laredo to San Antonio, Texas, where they remained several days; that the last he saw of them was when they boarded the Southern Pacific train bound for New Orleans, Louisiana; that he had not seen them out of the State of Texas, since they left Laredo; that he had visited them in Cleveland, Ohio, some years ago; that when they left San Antonio, they were going to New Orleans and then to Chicago to visit one of their sons, who was attending a Brewers' school in Chicago; that he had accompanied John and Christiana Schneider on a pleasure trip to Monterey and that they reside in Cleveland, Ohio. We are of opinion that under the authorities this was a sufficient predicate. Connor v. State, 23 Texas Crim. App., 378; Parker v. State, 24 Texas Crim. App., 61; Johnson v. State, 26 Texas Crim. App., 31; Peddy v. State, 31 Texas Crim. Rep., 547. There are other cases which support and are in line with those cited. Upon this predicate the testimony of the Schneiders was reproduced before the jury. Many objections were urged to the introduction of this testimony in addition to the one that a sufficient predicate had not been laid. Under the Cline case (36 Texas Crim. Rep., 320) the proposition would be well taken but Cline's case has been expressly overruled by this court in some later decisions, the last of which is the case of Hobbs v. State, 53 Texas Crim. Rep., 71; 112 S. W. Rep., 308. The writer believes the Cline opinion to be the law and enunciates the correct proposition, but the majority of the court hold otherwise, and under the later cases this testimony was admissible. So there was no error in these rulings.

An exception to the court's charge is thus stated in the motion for a new trial: "Because the court materially erred in failing to include in his charge the purpose for which the testimony introduced in reference to a simultaneous and contemporaneous offense was introduced in evidence." One of the parties reached into Boehler's pocket and took his pocketbook, one reached over the

shoulder of old man John Schneider and grabbed his diamond pin. As before stated, these conspirators were, some in front pushing back these parties or blocking up the way of their entrance into the car, while the others were behind crowding from that direction, and while they had John Schneider and Boehler in this condition, their property was taken from their person. We are of opinion that the court did not err in not limiting the testimony with reference to the diamond pin, if that is the matter intended to be referred to in the criticism of the charge. It was all the same transaction, taken at the same time and was not brought within the rule that requires the court to limit the evidence of cotemporaneous crime, when introduced for the purpose of proving intent, nor brought within any of the exceptions to the general rule. There is no merit in any of the remaining propositions mentioned by appellant. The charge of the court in connection with the special charges given at the request of appellant, we think, fully covers every question that could be of any benefit or service to appellant.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.
#### December 12, 1908.

DAVIDSON, Presiding Judge.—On a previous day of this term the judgment in this case was affirmed.

A motion for rehearing is filed urging the contention that this court was in error in not reversing, because of the failure of the trial court to limit the evidence in regard to taking the diamond pin mentioned by the witness on the trial of the case. The theory of appellant's contention is that this was an extraneous crime introduced for some purpose and should have been limited to such purpose. A great many authorities are cited in support of his proposition and a great many more could have been cited. If the testimony brought appellant's case within the rule contended for by him, his proposition would be well taken and there would be no question between this court and counsel. Wherever extraneous crimes are introduced to establish identity in developing res gestae, or to prove the guilt of the accused by circumstances, it may be necessary and usually is necessary, to limit the effect of such testimony. Such has been the rule in Texas from the beginning of our jurisprudence wherever the question has arisen, but the crimes introduced must be *extraneous.* This rule is recognized in the decision but it is stated there and reiterated here, that the facts in regard to the taking of the pin was a part of the case itself and not within the line of authorities relied upon by appellant. The rule stated by the court in the former opinion, is as well recognized as that urged by appellant in his motion for rehearing. With his usual clearness, accuracy and precision of statement, Judge Hurt announced the rule applicable here, in Thornley v. State, 36 Texas

Crim. Rep., 118, where the two rules were under review. The following language occurs in that opinion:

"As we understand the law with reference to the admission of extraneous crimes, whenever they are admitted in evidence, and the effect has a tendency or might bring about a conviction for the extraneous crime, the court must limit the effect of the testimony in his charge to the jury. As this is the case, also, where the testimony, being admitted, has a tendency to injure the rights of the appellant in any other direction. The testimony must be limited. But where the testimony is simply used to prove up the case as res gestae, or to prove any other fact that forms a part and parcel of the case, so as to show the defendant's guilt, and there is no probability of the jury convicting for the offense not charged, it is not necessary to limit the effect of the testimony. In fact, it is only necessary for the court to charge upon and limit said testimony when there is danger of a conviction for the offense not charged, or of an unwarranted use of the testimony to the prejudice of the defendant in the case in which he is being tried." This is such a clear and accurate statement of the two rules that we deem it unnecessary to undertake an elaboration or discussion of them. We think the evidence is sufficiently stated in the former opinion to illustrate the fact that the taking of the diamond pin was a part and parcel of the case itself. We will, however, reiterate that the Schneiders and Boehler were crowded from the front and rear by the parties to the conspiracy as they were entering the car, and while so pressed one of the takers reached over the shoulder of old man Schneider and seized his diamond pin, while the other took from Boehler the pocketbook when they immediately sought safety in flight. This was not an extraneous crime, as we understand under the decisions requiring a charge limiting the effect of extraneous crimes. The rule laid down in the Thornley case, supra, is as well recognized in the decisions as is the rule contended for by appellant, and where the facts developed are, as they were in this case, it is not necessary to limit. We might further cite in support of this view Leeper and Powell v. State, 29 Texas Crim. App., 63; Moseley v. State, 36 Texas Crim. Rep., 581; McKinney v. State, 8 Texas Crim. App., 626; Ogle v. State, 58 S. W. Rep., 1005; Wilson v. State, 37 Texas Crim. Rep., 385; Winfrey v. State, 56 S. W. Rep., 919; Quitzow v. State, 1 Texas Crim. App., 55; Hirschfield's case, 11 Texas Crim. App., 216; Harris v. State, 34 Texas Crim. Rep., 494.

The motion for rehearing is overruled.

*Overruled.*

RAMSEY, JUDGE.—I think there can be no doubt of the correctness of the conclusion reached. I do not believe that the rule requiring testimony as to identity to be limited always applies.