George Walters v. The State.

No. 4026.    Decided April 14, 1909.

**Assault to Rob—Insufficiency of the Evidence.**

Where upon trial for assault with intent to rob, the evidence failed to show sufficient facts to constitute this offense the conviction could not be sustained. Distinguishing Long v. State, 55 Texas Crim. Rep., 55. Following Johnson v. State, 35 Texas Crim. Rep., 140; Herr v. State, 52 Texas Crim. Rep., 53, and other cases.

Appeal from the Criminal District Court of Harris.    Tried below before the Hon. A. R. Campbell.

Appeal from a conviction of assault with intent to rob; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brockman & Kahn* and *E. T. Branch,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to rob and his punishment assessed at two years confinement in the penitentiary.

The evidence in the case, being the testimony of A. R. Anderson, the only witness, is as follows: "That he, in company with constable Smith, intended to get on the Fort Worth sleeper of the H. & T. C. R. R.; that about five minutes before the train left he went upon the platform or vestibule of said sleeper; that after he got upon the platform of said sleeper, which sleeper was attached to the rear end of the Dallas sleeper, he encountered appellant, and his codefendant Johnson at the doorway leading into said Fort Worth sleeper, and to use the language of said Anderson, 'As I went to squeeze through them to get into the sleeper, this man over there that calls himself Walters, he had an overcoat on his arm, he got right in my way, and as I got between him and this other fellow (Johnson) Walters kind of put his coat up this way (indicating by raising his left arm up about level with breast of witness) and ran his hand around and got hold of my stud, and I said, 'You damned son-of-a-bitch, what do you mean?' and grabbed hold of him;' and further testified that as he grabbed hold of Walters he struck Walters with a small grip he had in his hand, and Walters immediately desisted from any further attempt to take the witness' diamond stud, which was screwed into his shirt, and further testified that the diamond stud was not removed from its place in his shirt, and that his shirt was not torn. The first thing that attracted the attention of Anderson was that he felt the attempt to get his stud and then noticed in connection therewith the fact

that appellant had his hand up with his overcoat over it as a shield and that it was not necessary for the witness to be crowded in getting into the coach, and witness then realized that they were pickpockets, and that an attempt was being made to get his diamond stud. That he was 'jammed' by appellant and said Johnson; that by 'jammed' he meant that said parties were standing at the doorway of said Fort Worth sleeper and that he tried to 'squeeze between them' and get into the sleeper and that they did not give way and make room for him to pass, as he expected they would do, and that neither of the codefendants or appellant put their hands on or about him, except that appellant put his hand on witness' diamond stud, and that he felt the hand on the stud, which was the first thing that attracted his attention; that neither of the three men arrested for the attempt to get his stud, Johnson, Garrard and appellant, said a word before or after the attempt to take the stud; that witness was not put in fear; that no one struck him, or used any violence upon him or demanded any property from him, and that no weapon other than ordinary pocket-knives were found on either of the three men, and no weapon was exhibited; that the three men were jointly indicted, but appellant having been tried separately, were searched immediately after the arrest by witness and the constable and that the above circumstances constituted what had occurred; that he so testified on the examining trial and did so now and that his testimony as given then and now is true; further that no evidence of any right to ride on said train was found on either of the three men, and that to get access to said train it was necessary to go through a gate at the depot and exhibit tickets; that appellant was caught and held by witness after he detected his hand on the stud and had struck appellant with the grip; that the whole transaction was quicker than it could be told and was over in a minute."

Appellant insists that the evidence is insufficient to show an assault with intent to rob. Article 611 of the Penal Code provides: "An assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of an assault, coupled with an intention to commit such other offense, as of robbery." Under the provisions of this article and a long line of authorities of this court we hold that appellant's contention is correct. The case of Long v. State, 55 Texas Crim. Rep., 55, 114 S. W. Rep., 632, is, in all of its salient features, exactly like the facts disclosed by this record. In that case appellant was prosecuted for theft from the person and convicted. However, the facts further show in the Long case that a theft was consummated. If the facts in this case had shown that appellant secured the diamond stud, it would have constituted theft from the person. Failing to so show, it does not constitute an assault to rob. For a discussion of the question see the following authorities:

Johnson v. State, 35 Texas Crim. Rep., 140; Rodriquez v. State, 71 S. W. Rep., 596; Tarrango v. State, 44 Texas Crim. Rep., 385, 71 S. W. Rep., 597; Herr v. State, 52 Texas Crim. Rep., 53; Boyd v. State, 29 S. W. Rep., 157; Long v. State, supra. It follows, therefore, that the evidence is wholly insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*