[No. 23253. Department Two. November 6, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
LENZI, *Appellant.*[1]

*Wesley Lloyd* and *Leo A. McGavick,* for appellant.

*Bertil E. Johnson* and *Ray C. Roberts,* for respondent.

MAIN, J.—Elmer Wasson, Homer Clarey and James
Lenzi were charged by information which contained
two counts. In the first, they were charged with at-
tempted robbery, and in the second, with robbery.
Wasson pleaded guilty to the latter charge, and Clarey
and Lenzi, upon a trial, were convicted upon both
counts. Lenzi moved for judgment notwithstanding
the verdict, and, in the alternative, for a new trial;
both of which motions being overruled, judgment and
sentence were entered, from which he alone appealed.

The three parties named in the information had pre-
viously been inmates of the penitentiary in the state
of Idaho, where Lenzi served a sentence for robbery.
Sometime during the afternoon of July 8, 1930, the

[1]Reported in 4 P. (2d) 827.

three parties named left Seattle in an automobile, which had been stolen, and drove to Tacoma. At about eight o'clock that evening, on a street corner in the business section of the latter city, they surrounded Patrick H. Breen, a man about sixty-seven years of age, who was standing there smoking, and a scuffle ensued. Breen described the affair as follows:

"I was standing on the street corner smoking, when all of a sudden I felt my head go back. Some fellow choked me from behind. I hit up and struck somebody in the mouth. It was a young man, dark complexioned with a black suit and a black hat. He choked me from behind and held my arms. (Looking at the defendant Clarey.) I don't think that is the man. The next day I picked out the two men, but this is not the man. A third man was behind me. I was not afraid of losing my life, but I was afraid of losing the $3.00. I had three silver dollars and some nickels. I was kicking behind and doing the best I could to keep this fellow from getting in my pocket. He said, 'Well, Gus, I cannot get in that pocket.' Then all of a sudden the three broke and run."

There was other testimony from eye witnesses of the affair from which the jury had a right to conclude that Lenzi was the one who attempted to get into Breen's pockets, and that his purpose was not to cause the others to desist from abusing Breen, but to participate in the affair.

Soon after they had ceased the attack and fled down the street, they were accosted by a commercial police officer, whereupon Wasson drew a revolver, pointed it at the abdomen of the officer and told him to throw up his hands, which he did. Wasson was standing in front of the officer, Lenzi close by on one side and Clarey on the other. Wasson took from the officer his gun and placed it in or under his own belt. The officer was directed to proceed down the street, and the three fled

in the opposite direction. Lenzi was arrested about a block away, while standing behind a telephone pole. The other two were arrested a little later. When searched at the police station, Wasson had the officer's gun upon his person.

The only question presented upon the appeal is whether the evidence was sufficient, as a matter of law, to sustain the conviction of Lenzi upon either count.

■ As to count one, that of attempted robbery, as already indicated, the jury, from the testimony offered by the state, were justified in finding a verdict of guilty. The identity of Lenzi and his participation in the affair as one of the parties thereto were established by the evidence offered by the state, if believed by the jury, which they had a right to do.

■ As to the robbery of the officer, it is said by the appellant that the conviction cannot be sustained because

". . . there must of necessity be the thought on the part of the robber of enriching himself to the impoverishment of another; there must be the present intent on his part at the time of the commission of the act to take some property to enrich himself, and the property must have some value."

In both briefs, this question is argued from the standpoint of the common law, and no reference is made to the statute of this state defining robbery. Rem. Comp. Stat., § 2418, defines that crime as follows:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or

overcome resistance to the taking; in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery.''

By this statute, it is provided that robbery is the unlawful taking of personal property from the person of another, against his will, by means of force, violence or fear of injury to his person, and such force or fear must be used to obtain or retain the possession of the property or overcome resistance to the taking. If used merely as a means of escape, it does not constitute robbery. Under the statute, the question for the jury was whether the gun was taken from the officer simply as a means of escape or whether Wasson intended something more in obtaining it. If the gun was not taken from the officer ''merely as a means of escape,'' then the taking would be robbery. From the evidence offered by the state, the jury had a right to conclude that Wasson did not take the gun merely as ·a means of escape.

If Wasson was guilty of robbery in taking the gun, Lenzi was likewise guilty because he was present and participated in the matter. In 23 R. C. L., p. 1159, it is said:

''It is not necessary to sustain a conviction for robbery to prove that the defendant took any money from the person of another with his own hands, or that he actually participated in the assault. It is sufficient that he was present when the criminal act was committed, that he came and went with the robbers, and was present when they robbed and apparently acquiesced therein. . . .''

Whether there is a difference between common law robbery and the statutory definition thereof, we need not here inquire, because, as already stated, the evidence was sufficient to sustain a conviction of the crime of robbery, as defined by the statute.

The cases of *State v. Gamber,* 69 Wash. 66, 124 Pac. 210, and *Ellsworth v. State,* 92 Tex. Crim. R. 334, 244 S. W. 147, cited by the appellant, do not sustain his contention, because in each of those cases the facts were entirely different from the facts as the jury had a right to find them in the case now before us.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.