BILL GAGE v. THE STATE.

No. 16128. Delivered November 29, 1933.
Reported in 65 S. W. (2d) 306.

The opinion states the case.

*Stone & Cooper,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to rob and his punishment assessed at confinement in the state penitentiary for a term of two years.

The appellant and Vernon Daniels were jointly indicted but the appellant alone was put on trial. By bill of exception No. 1 the appellant complains of the action of the trial court in refusing to sustain his motion for a directed verdict and in refusing to give appellant's requested peremptory charge. From the record before us we believe that the trial court erred in declining to sustain appellant's motion and in declining to direct the jury to return a verdict of not guilty inasmuch as the testimony is wholly insufficient to sustain a conviction of the offense charged in the indictment.

The evidence as adduced upon the trial shows that Walter Smith, a special officer, while traveling in an automobile upon the highway between Jacksonville and Henderson about the 15th day of January, 1933, saw two men standing in the road, one looking in the direction of Henderson and the other walking towards him, Smith. The man who looked back towards Henderson was Vernon Daniels. The appellant was about twenty steps ahead of Daniels. Daniels stepped out in the road and waved a six shooter. Smith, the alleged assaulted party, drove by both men, then stopped his car, pulled his gun, and ordered Daniels to throw up his hands, which he did. At the time Smith stopped his car Daniels had put his pistol in his pocket. Smith, the alleged assaulted party, took the pistol from Daniels and told him to get into the car and he, the said Smith, carried Daniels to Henderson and turned him over to the sheriff. After Smith had disarmed Daniels and had made him

get into the car Daniels told Smith that he was just a country boy out there playing and he asked him to stop by his father's place who would fix it with him, Smith. Upon arriving at the jail, the pistol of Daniels was examined and found to be unloaded and no shells were found on his person. Smith, the alleged assaulted party, further testified that as far as the appellant's action and conduct was concerned on that occasion he, Smith, would have paid no attention to it. The appellant testified in his own behalf that he and Vernon Daniels had started to Mr. Grover Moore's place to whom Daniels wanted to pawn his pistol. When they saw the car coming which Mr. Smith was driving Vernon Daniels said, waving his pistol, "There is Ray Waggoner coming. I am going to stop him and get him to carry us to Grover Moore's." Appellant came into Henderson and inquired for Daniels and was told that he, Daniels, was in jail. He then went to the jail to see Daniels where he, the appellant, was also arrested and placed in jail. The appellant as well as Vernon Daniels each had what Mr. Smith demoninated a "blackjack." It was a piece of babbitt in a tobacco sack. Jack Whitehead, a boy of 13 years old, testified that he bought five cents worth of babbitt from another boy, melted it and moulded it in a snuff box and afterwards used it as a target to shoot at with his niggershooter; that a short time before the alleged offense he gave it to the appellant. It is undisputed that Daniels made no effort to make use of the pistol after Smith got out of the car nor did he by any word or act indicate any intention to rob the said Smith. The appellant denied that there was any conspiracy to rob anyone or any effort to rob anyone on the occasion in question.

An assault with intent to rob is constituted by the existence of facts which bring the offense within the definition of an assault coupled with the intention to commit robbery. If either of these elements is lacking, the evidence is insufficient to support the conviction, and in support of this contention we cite Walters v. State, 118 S. W., 543; Moffett v. State, 202 S. W., 960. The appellant's guilt was made to depend upon the law of principals by the court in his charge to the jury, that is, that Daniels was engaged in the commission of the offense and the appellant was present and aided, abetted and encouraged him in the commission thereof. Therefore, in order for the appellant to be guilty, the acts and conduct of Daniels, the alleged co-principal, must show the offense, and if it does not, then of course the appellant could not be guilty. It occurs to us that the facts are wholly insufficient to show that the offense of assault with intent to rob was committed by Daniels. Touch-

ing the assault, all that the record discloses is that Daniels was along the side of the road waving a pistol. How that pistol was being waved, whether in the direction of the injured party or not, or in what manner, the record does not disclose. There is not any evidence that Daniels ever commanded Smith to stop or that the pistol was drawn on Smith or that Smith was ever commanded or requested to surrender any of his personal property. The burden was on the state to prove beyond a reasonable doubt that the appellant, either alone or while acting in concert with Daniels under a previously formed design to commit the offense of assault with intent to rob, did in pursuance thereof commit the offense as alleged. This has not been shown by the evidence nor does the testimony make a case where such deductions are reasonable. We think the testimony is not sufficient to show the appellant guilty of the offense of assault with intent to rob and for this reason the judgment of the trial court is reversed and the cause remanded, and in support of our views we cite the following cases: Sanders v. State, 111 S. W., 157; Smiley v. State, 222 S. W., 1108; Walters v. State, 118 S. W., 543.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.