EUGENE FIELD CLARK V. THE STATE.

No. 19410.   Delivered March 3, 1938.
State's rehearing denied April 27, 1938.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for fifty years.

On the first of March, 1937, R. P. Harvey, who was a taxicab driver, received a call to go to a beer tavern at 5314 Holmes Street in the city of Dallas. Arriving at the tavern about 4 A. M., Harvey found appellant and Kermit Lewis Harwood there drinking beer. In a few minutes said parties got in the taxicab with him, and he started to drive up Holmes Street towards town. He had heard some one in the tavern call the appellant "Dude," and as he drove away he said to appellant: "Dude, where are you going?" Appellant became angered and replied: "Who in the hell told you my name is Dude? You got an automatic in your back. You turn to the right here on Hatcher Street and don't look back. I ought to kill you and the s— of a b—— that told you what my name was." Following the directions of appellant and Harwood, Harvey drove toward a country road. When appellant ordered him to drive faster he replied that his car had a governor on it and could not be operated at a greater rate of speed than they were then traveling. At this juncture appellant and Harwood struck him in the face with their fists.

Finally, appellant asked him how much money he had; and his reply was that he only had five dollars. As the car turned into the country road appellant ordered him to slow down, saying: "I think right here is about as good place to bump him off." However, appellant changed his mind and directed him to turn around. As he was obeying this instruction he (Harvey) unlatched the door. Holding the door with his left hand, he increased his speed when the car was straightened out on the road, let the door fly open, and jumped out. Either appellant or his companion crawled from the back to the front seat and took the car under control. Harvey ran down the road calling for help. The foregoing constitutes, in substance, Harvey's testimony.

About four hours after the alleged robbery a deputy sheriff recovered the taxicab in front of 4523 Imperial Street in South Dallas. Said car was parked in a residential section and apparently in the same territory through which Harvey had traveled in going to the country. Said car was headed back toward town, and apparently the key had not been removed, as the deputy sheriff drove it to town.

Appellant and Harwood were arrested in a cafe in the 2800 block of Second Avenue about 11:30 A. M. of March 1, 1937. They were on stools in the cafe drinking beer.

Appellant did not testify.

We think the testimony showed no more than that appellant and Harwood cursed and assaulted Harvey. They took nothing from him and asked for nothing. They talked of killing him when the reached the proper place on the road. Becoming frightened, Harvey abandoned the car. Said car was found two or three hours later in the same vicinity the parties had theretofore traversed. Appellant and Harwood did not have the car in their possession, but had apparently parked it in order that it might be recovered. Manifestly, when Harvey abandoned the car appellant and Harwood had to take temporary control of it or suffer a wreck.

It is the announcement of the decisions that robbery is an aggravated form of theft. Hence the intent to steal the property at the time it is first taken is essential in the crime of robbery. In prosecutions for theft it must appear that the accused entertained the fraudulent intent to permanently appropriate the property to his own use and benefit and deprive the owner of the value thereof. In cases of robbery the fraudulent intent to deprive the owner of the value of the property must be proven beyond a reasonable doubt. See Galloway v. State, 71 S. W. (2d) 871. We think the circumstances reflected by the record exclude

the idea that appellant and Harwood entertained the fraudulent intent to deprive Harvey of the value of his car. Hence we are constrained to hold that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—A re-examination of the facts does not lead us to believe we reached a wrong conclusion in our original opinion.

The State's motion for rehearing is overruled.