## Floyd Nevil v. The State.

No. 21739.  Delivered December 17, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Cox & Cox* and *R. M. Carter*, all of Sherman, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of robbery by assault. The punishment assessed is confinement in the State penitentiary for a term of five years.

The indictment charged the offense denounced by Art. 1408, P. C.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction of the offense charged. The State's testimony, briefly stated, shows that on the 15th day of October, 1939, appellant and a negro by the name of David Isles, came from Farmersville, where he was employed by appellant's father, to Van Alstyne. Between the hours of 6:00 and 7:00 P. M., they saw Darrell Struck, who was going towards his car. Appellant and the negro accosted Struck, told him their car was beyond town, out of fix, and asked him if he would take them out there so they might repair it. Struck agreed to do so and the three got into Struck's car to go to where appellant and the negro claimed their car had ceased to function. After they had gotten beyond the city limits, appellant shoved a pistol against the body of Struck and told him to "step on it." When they had driven to within one-half mile of the town of Howe, they told Struck to stop. The negro got under the wheel and drove while Struck was on the seat beside the negro and appellant occupied the rear seat. When they reached the southern suburbs of Sherman, they stopped at a filling station and purchased some gasoline. Appellant told Stuck that if he squealed he would "drill" him. They passed through Sherman and went out on the highway towards Whitesboro. After they had gone some distance, out of Sherman, appellant struck Darrell Struck on the head with what Struck thought was a pistol, stopped the car, dumped him in the ditch and left him lying there. Appellant and the negro were arrested shortly after the occurrence and were charged with the offense of robbery by assault.

Appellant did not testify. He pleaded insanity and undertook to sustain his plea by people who had known him for a number of years. However, a majority of them testified that they had never seen him do or say anything which indicated an abnormal mind; that his reputation as a law-abiding citizen was good.

We deem the evidence sufficient to sustain the jury's conclusion of his guilt. When appellant struck the injured party, threw him out of the automobile and drove away with the car with the intent to permanently appropriate it, the offense was complete.

Appellant complains of the action of the trial court in declining to submit to the jury his Special Requested Instructions Nos. 1, 2 and 3. His Requested Charge No. 1 was an instruction to the jury to return a verdict of not guilty. His Requested Charge No. 2 was to the effect that if the jury should believe from the evidence that the defendant did assault Darrell Struck, but they further believed that he did not make the assault with the intention of stealing the automobile and appropriate it to his own use and benefit, to acquit him; or if they had a reasonable doubt thereof, to give him the benefit of such doubt and acquit him. His Requested Charge No. 3 was to the effect that although the jury believed from the evidence beyond a reasonable doubt that appellant did make an assault upon Darrell Struck and took the automobile from his possession without his consent, they could not convicted him unless they further believed beyond a reasonable doubt that at the time and place in question the defendant intended to permanently appropriate the automobile to his own use and benefit and deprive Darrell Struck of the value thereof and unless they so found, to acquit him.

The court gave a very concise charge on the law applicable to the facts and a very comprehensive charge on the law of insanity. It is our opinion that the trial court did not commit any error in declining to give the requested instructions or either of them. There was no evidence raising the issue of a temporary appropriation of the automobile. When appellant struck the alleged injured party, knocked him down, rendered him helpless for the time being, then threw him out of the car and drove away with it, he then obtained possession of the car by assault and without the consent of its owner. The fact

that his companion in crime subsequently threw him out and fled with the car and that he then went to the home of Mr. Mullins, told Mullins that he had been hi-jacked, and wanted to get in touch with the "law"; that he wanted the "law" to apprehend the party who had taken the car in question from him, does not raise an issue that he (appellant) originally took the car for temporary use, but, on the contrary, indicates an intent to permanently appropriate it.

Appellant cites us to the case of Bailey v. State, 139 S. W. (2d) 599, and Clark v. State, 115 S. W. (2d) 953.

In the Bailey case, the prisoner had merely taken the keys from the jailer, locked him up in a cell and then threw the keys into the cell, which indicated a want of intent to permanently appropriate the keys; hence it has no application here. In the Clark case, the owner of the car became frightened, jumped from the car and abandoned it. The appellant and his companion drove the car to the residential district of the city of Dallas in the same territory through which Harvey had traveled in going to the country. When the officers found it the switch keys were not removed. The facts in the case of Galloway v. State, 71 S. W. (2d) 871, are somewhat similar to those in the case of Clark v. State, supra, and clearly indicate a want of intent to permanently appropriate the motor vehicle, which is not shown here.

While the testimony complained of in Bill of Exception No. 9 was not admissible because it only tended to show ill feeling on the part of the witness toward the District Attorney, yet, in our opinion, it was not of such a prejudicial nature as to require a reversal of this case inasmuch as appellant was awarded the lowest punishment prescribed for said offense.

A careful examination of the remaining bills of exception leads us to the conclusion that no reversible error is reflected by any of them. To discuss each would only lengthen this opinion and serve no useful purpose.

No reversible error being reflected in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant insists that this court should pass upon his Assignment of Error No. 5. This court does not concern itself very much with assignments of error. We look to the bills of exception and to the questions that might be otherwise raised as to the procedure. The question which appellant's counsel probably has in mind has been thoroughly considered, and each one calling for a discussion has been properly treated.

Again, appellant has insisted that inasmuch as the opinion holds certain testimony to be improper that it should work a reversal of the case. The authorities cited on the subject are leading cases, some of which have been frequently followed by this court when they may be properly applied to the facts of the case. We do not understand that this court has considered generally that improper evidence will work a reversal of a case simply because it is immaterial. If there is nothing inflammatory about it and it has no relationship to the case, if its truth or falsity would not reasonably be expected to influence the jury in their decision as to the guilt or innocence of the party on trial and if the verdict does not reflect that it might have in some way affected the punishment given to the accused, then it is our view that it would be a foolish thing to reverse the case on account of such evidence. The matter under consideration amounts to nothing more than a side-bar remark; it is trivial and does not relate to the appellant, has nothing to do with his guilt of innocence, and it is inconceivable that a jury of sensible men would find him guilty simply because they agreed with the prosecuting attorney, if they did, as against the contention of a witness on the witness stand over some past political difference. Furthermore, we have nothing in the record to indicate to us that they agreed with the District Attorney in his controversy with the witness.

Again, complaint is made of the admission of testimony that appellant's companion in crime, a negro, had pled guilty. We have re-considered this matter and do not see how the admission of this evidence would point to the guilt of the appellant. It was his contention that the negro was the guilty party, and it is admitted in the brief that it was indicated by the evidence that the negro intended to steal the car at the time it was

taken. The fact that he pled guilty settles his involvement and might as well have been construed to place the responsibility on him instead of the appellant unless it was shown that they were acting together in carrying out a previously formed plan to steal the car. No such evidence is in the case and his plea of guilty is, in our view of the record, not inconsistent with the appellant's innocence.

The motion for rehearing is overruled.