## GRADY POSEY V. STATE

No. 27,659. October 26, 1955

*Robert G. Vial,* and *Ernest S. Goens,* Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is assault with intent to rob; the punishment, 5 years.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

Officer Kincanon of the highway patrol testified that on the night in question he observed an automobile being driven in such a manner as to force other traffic off the highway; that he gave chase, finally overtook the same, and found that the appellant, who was the driver thereof, was intoxicated; that he took the appellant back to his patrol car and placed him in the back seat. At this juncture another automobile came to a halt nearby, and the appellant told the officer that it contained his relatives. Upon investigating the second automobile, the officer discovered one Davis, who was drunk also. The officer placed Davis under arrest and carried him back to his patrol car. After some difficulty with both Davis and the appellant, the officer finally got them both in the patrol car and started the same. We quote from the officer's testimony as to what then transpired:

" . . . had my car in low gear and just started to move I felt my gun jerk up in the back, up under my arm, and when I wheeled around Posey had reached over the seat and had ahold of my gun with his right hand attempting to get it out, trying to pull it out, and it is pretty well fastened down with these straps and I caught his forearm with my elbow, pushed it down to keep him from getting it out — it was the only chance I had to keep him from getting it out. At that time Davis was sitting in the front seat, got me around the neck with his left arm and pulled me over in his lap and I was almost helpless then in that position. I tried to break lose from them and I couldn't get loose from either one of them and I couldn't get my car out of gear either, so I just — my car was headed away from the road into a field, and I just opened the door with my left arm and drug both of them as I went out. As I hit on the ground I hit with my left shoulder and the side of my head and they both came out on top of me — Neither one of them ever turned aloose of me at all. At that time Posey didn't have hold of me as I remember — he just had hold of my gun and wouldn't turn loose of it, and Davis had me around the neck, and when we hit on the ground my car went about, I guess about twenty-five or thirty feet before it finally stalled itself out. When it started up that bank it killed itself. We started scuffling on the ground, rolling, and I couldn't get up."

The officer never lost possession of his pistol. After the scuffling was over he got back in his car, radioed for help, and appellant and his companion were lodged in jail.

Robbery is an aggravated form of theft. It was incumbent upon the state to prove, beyond a reasonable doubt, that appellant, acting alone or as a principal with his companion Davis, (1) made an assault upon the officer, (2) that the assault was made with the intent to take from said officer his pistol, and (3) that at the time it was the intent of appellant not only to take the pistol from the possession of the officer but to permanently appropriate it to his or their own use.

It follows that if the conduct of appellant, beginning when he took hold of the pistol, constituted an assault, and though it was the intent of the appellant to take possession of the pistol, he would not be guilty of an assault to rob unless his intent was to appropriate the pistol permanently to his own use. Clark v. State, 134 Texas Cr. R. 427, 115 S.W. 2d 953, Gage v. State, 124 Texas Cr. R. 679, 65 S.W. 2d 306.

Assuming that the evidence is sufficient to show that an assault was made, and that the evidence further shows an intent on the part of appellant to secure possession of the officer's pistol by means of such assault, it does not follow that an intent to permanently appropriate the pistol was established. A mere reasonable deduction from the evidence would be that the prisoners were resisting arrest and seeking to escape from custody, rather than attempting to steal a pistol.

The evidence is deemed insufficient to sustain the conviction in the particulars mentioned.

The judgment is reversed and the cause is remanded.

MORRISON, Presiding Judge, dissenting.

In Fitzgerald v. State, 160 Texas Cr. R. 414, 271 S.W. 2d 428, we upheld a conviction for robbery where the accused robbed the jailer of the jail keys and took them with him when he escaped.

As I view the evidence before us here, the jury was authorized to conclude that the appellant intended to effect his escape and, further, that he intended to appropriate the officer's pistol to his own use. State v. Lenzi (Wash.), 4 P. 2d 827.

I respectfully enter my dissent.