Kenneth Edward HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37651.

Court of Criminal Appeals of Texas.

April 14, 1965.

Rehearing Denied May 26, 1965.

Wm. Monroe Kerr, L. Lloyd MacDonald, Midland, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, 12 years.

The indictment alleged that appellant made an assault upon Thomas B. White and that by said assault and violence to him and by putting him in fear of life and bodily injury, fraudulently took from his possession, without his consent, one pistol, the property of Thomas B. White, with intent to deprive Thomas B. White of the same and to appropriate the same to his own use.

Thomas B. White was a police officer of the City of Midland.

Appellant, under indictment for forgery, escaped from custody after being taken to the hospital for treatment of an ear infection. About 6:30 A.M. he loosened himself from the chains by which he was held to a hospital bed, went to the home of A. L.

Barnes and stole some guns and ammunition and some clothes.

About 4:30 P.M. Thomas B. White and James Lee Lanigan, another police officer, responded to a report of a suspicious person at the Bellview Baptist Church in Midland.

While in the church they were confronted with a person who proved to be appellant pointing a cocked pistol at them, which proved to be the .22 caliber Smith & Wesson revolver stolen from A. L. Barnes.

Appellant told the officers not to move or he would kill them; that he intended to use them to get two boys out of jail. He ordered the officers to remove their guns with their left hands and hand them to him. He took Officer Lanigan's gun first and cocked it, then placed the .22 caliber pistol in his belt. He then took Officer White's pistol, cocked it and instructed him to handcuff Lanigan with his hands behind him.

With one pistol pointed at Lanigan's back and the other at his head, the three went down the stairway, appellant saying "If you don't do exactly as I say I will kill you, and I mean it," and "Don't try anything or I will kill this man."

Upon reaching the door where they encountered the Midland Chief of Police Wallace, appellant ordered him to dispose of his gun, which he did.

Appellant demanded a car, required another police officer (Crews) to remove his gun and handcuff himself.

Still holding a gun at Officer Lanigan's head, appellant caused Officer White to drive an unmarked police car, Officer Crews and Sgt. Conklin to get in the front seat, and the handcuffed Officer Lanigan to get in the back seat with him, and said "Let's go."

They had gone only about 100 feet when a sound like a shot was heard and appellant, at the suggestion of Sgt. Conklin, looked out the back of the car to see that nobody had moved. When appellant did so, Sgt. Conklin leaned over the back seat and shot appellant five times with a snub nose revolver he had obtained and concealed in his waistband. Appellant was still holding the cocked pistol in his hand when he was shot, after which the handcuffed Officer Crews took it from him.

Officer White testified that he gave his gun to appellant because he was afraid that appellant would kill him if he didn't.

A. L. Barnes identified the .22 revolver appellant was carrying and the suit of clothes he was wearing as having been taken from his home without his consent.

The sufficiency of the evidence is challenged, the contention being that there is no evidence that appellant intended to permanently appropriate the pistol taken from Officer White to his own use. He cites and relies upon Posey v. State, 162 Tex. Cr.R. 153, 283 S.W.2d 58.

Posey was charged with assault with intent to rob. He took hold of an officer's pistol but did not get possession of it. We held that a more reasonable deduction from the evidence would be that he was resisting arrest and seeking to escape from custody rather than attempting to steal the pistol.

Appellant, on the other hand, took the pistol and other guns and pistols, his expressed purpose being to release prisoners that were in jail.

His purpose and intent was further indicated by a map which he had upon which a route was marked between Midland and Austin, with arrows pointing toward Rockdale and toward Belton.

There is no suggestion in the record that appellant intended to flee leaving behind the pistol he took from Officer White, or that he intended to return it to the owner.

■ We find the evidence sufficient to sustain the jury's finding that appellant took the pistol by means of an assault and by putting in fear, with intent to deprive Mr. White of it and to appropriate it to his own use as charged in the indictment.

**952**

Appellant next complains that Deputy Sheriff Gene Howell was permitted to testify that, in addition to the indictment for forgery to answer which he was in custody, there were a number of warrants and hold orders indicating that there were charges against appellant in other places, about which appellant had been informed.

It is appellant's contention that the court erred in admitting such evidence and in refusing his request that the jury be instructed to disregard it.

The evidence appears to have been admissible for the same reason proof that he was in custody to answer an indictment for forgery and passing was admissible, which was to show a previously formed design which included the acquisition of pistols and guns to aid in the escape of prisoners from jail. Beard v. State, 146 Tex. Cr.R. 96, 171 S.W.2d 869, and Stephens v. State, 147 Tex.Cr.R. 510, 182 S.W.2d 707, cited by the state, appear to support the admissibility of such evidence.

For like reason, we overrule appellant's complaint which relates to the admission of the testimony of A. L. Barnes to the effect that appellant had burglarized his residence, had stolen his pistol and shotguns, his ammunition, bank checks, and other properties, including the clothes he was wearing when he accosted the officers.

In addition to the cases above cited, see Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W.2d 393.

What we have said also applies to appellant's contention that the court erred in admitting evidence showing that two bank checks that Mr. Barnes testified were forgeries were found in a pocket of the clothes appellant was wearing.

The remaining claim of error relates to the court's charge.

The charge required the jury to find beyond a reasonable doubt, in order to convict, that appellant took the pistol with intent to appropriate it to his use or benefit and with intent to deprive Thomas B. White of the value of same.

In the absence of any evidence raising the issue of appropriation for temporary use only, the trial court's charge was sufficient and no error is shown in the refusal of appellant's requested charge to the effect that the state was bound to prove that the taking of the pistol was with the intent at the time to permanently deprive the owner of it.

The judgment is affirmed.