**Alton Oliver ANDERSON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40838.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Rehearing Denied Feb. 7, 1968.

Second Rehearing Denied March 6, 1968.

---

Emmett Colvin, Jr., Dallas (by appointment on appeal only), for appellant.

Henry Wade, Dist. Atty., Curtis Glover and Kerry P. FitzGerald, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 50 years.

Appellant's first ground of error is that the evidence is insufficient to support a conviction of robbery. His remaining ground is that the conviction is void and in violation of the Fourteenth Amendment to the Constitution of the United States, there being no evidence to sustain a conviction for robbery.

The indictment alleged that appellant made an assault upon the person of Curtis Lorenzo Trimble and by said assault and by violence to Mr. Trimble and by putting him in fear of life and bodily injury, fraudulently took from his person and possession a coat and a belt.

Mr. Trimble testified that as he was walking from the bus stop to his home, three blocks away, shortly before midnight on December 2, 1965, he saw six boys in a parked yellow '53 Chevrolet. After he passed, appellant followed by three of the other boys came toward him from behind and appellant asked him if he had a match and he replied in the negative and appellant hit him with his fist; grabbed him around the throat and stabbed him three times in the back with an ice pick.

The witness further testified that he was wearing an overcoat, in the pocket of which was a belt that he had purchased and a package of cigarettes. He identified appellant as the man who grabbed him, stabbed him and took his overcoat and belt, and testified that he had never seen the overcoat since that night and it was never recovered.

Mr. Trimble's explanation of how appellant got his overcoat was:

"A. Well, after he grabbed me around my throat, he started stabbing me and I was trying to break loose and free myself so I freed myself and he was holding on the, to the neck of the coat and I wiggled out of the coat and broke into a run to run for safety.

"Q. And the three boys just stood there and watched this?

"A. Well, they saw that he couldn't hold me and they was running up to help and—

"Q. Well, then, would it be safe to say then that the other three boys also had their hands on your body about that time?

"A. Probably on the coat, but not on me."

Testifying in his own behalf, appellant denied having stabbed the complaining witness or that he took his overcoat, or had any intention of doing so. His version was that his companion George Stinson asked the man for a match and hit him only after Mr. Trimble made a motion to his hip pocket, and that he (appellant) tried to separate them; that the man "started running and he ran up in some yard and pulled

off his coat and kept on going and that he (appellant) ran the other way, followed by George. He also testified that Mr. Trimble ran about twenty feet before he "shucked his coat."

On cross-examination appellant testified that he had received a two year suspended sentence for burglary on October 7, 1965, and had been convicted of theft on August 30, 1965.

This case is easily distinguishable from cases such as Clark v. State, 134 Tex.Cr.R. 427, 115 S.W.2d 953, where the driver jumped out of and abandoned the taxicab alleged to have been taken by means of an assault, and the persons making the assault had to take temporary control of it or suffer a wreck, and the taxicab was found two or three hours later in the same vicinity where they had apparently parked it in order that it might be recovered.

■ The jury resolved the issues of fact against appellant and the evidence is sufficient to sustain the verdict.

Appellant's grounds of error are overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ In a most convincing manner appellant's counsel contends that robbery is not shown because the State failed to prove that appellant permanently appropriated the injured party's coat to his own use as is required by the holding of this Court in Posey v. State, 162 Tex.Cr.R. 153, 283 S.W.2d 58, in which the writer dissented. He bases this upon the injured party's failure to mention whether or not any of the boys who had attacked him had his coat in their possession as they pursued him up the alley. He also contends that it was incumbent upon the State to have someone

go to the scene of the assault and then testify that the coat was not left at the scene.

With these contentions we do not agree. The injured party testified unequivocally that an assault was committed upon him near midnight by four strangers, that certain property was taken from him by means of such assault, and that such property was never returned to him. We are not inclined to agree that the charge should have been assault with intent to murder or aggravated assault.

As we view this record the elements of robbery were shown, and appellant's able motion for rehearing should be overruled.

It is so ordered.