Samuel **STOUT**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 43726.

Court of Criminal Appeals of Texas.

May 12, 1971.

Rehearing Denied June 9, 1971.

Tom L. Zachry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Jack Q. Neal, Ben H. Tompkins and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by the use of a firearm. The punishment was assessed by the court at twenty-five years.

A deputy sheriff was robbed of his pistol at gun point. The record reflects that at night Officers Stinnett, the injured party, and Ellis of the Tarrant County Sheriff's Office were looking for a woman who had left a cafe. They pursued an automobile upon an informant's tip and saw that no light was burning over the license plate. After they stopped the automobile, the officers radioed their dispatcher and were informed that it was stolen. The appellant was placed under arrest and was

required to sit in the back seat of the patrol car.

Deputy Sheriff Hendleman arrived on the scene. Later the officers ordered the appellant and his companion to get out of the patrol car. While Officer Stinnett was getting out of the patrol car, the appellant exhibited a gun and took Stinnett's pistol and then disarmed the other officers. The officers were then handcuffed together and were required to get in the automobile that appellant had been driving. Appellant then at gun point ordered his companion to drive.. He drove for approximately a mile and there the officers were released. The appellant kept Stinnett's pistol.

In a subsequent chase the stolen automobile in which the appellant escaped was wrecked, and after a foot race, the appellant was arrested.

█ In a brief filed by appellant's counsel it is contended that the evidence is insufficient to show that the appellant took Officer Stinnett's pistol "with intent to appropriate the same to his own use  *  *  *" as required by Article 1408, Vernon's Ann. P.C. He argues that the evidence shows that the pistol was taken solely to make good his escape.

In Haney v. State, 144 Tex.Cr.R. 46, 160 S.W.2d 931, the facts were similar; an officer was robbed of his pistol. This Court held the evidence sufficient to sustain a conviction for robbery even though the accused later returned the gun to the officer in an attempt to get the charges dismissed.

In Hicks v. State, Tex.Cr.App., 389 S.W. 2d 950, a pistol was taken in a robbery by assault upon an officer. This Court held the evidence sufficient and distinguished the facts from those in Posey v. State, 162 Tex.Cr.R. 153, 283 S.W.2d 58, where the charge was assault with intent to rob. Posey took hold of an officer's pistol but did not get possession of it. The court held that a more reasonable deduction from the

evidence would be that Posey was resisting arrest and seeking to escape from custody rather than attempting to steal the pistol. The court pointed out that Hicks actually took the pistol and other guns to release the other prisoners in the jail.

We hold the evidence sufficient for the jury to conclude that the appellant took the pistol and intended to appropriate it to his own use.

█ Next, the appellant complains that the court erred in not assessing the minimum punishment for robbery because of Article 44, V.A.P.C., which provides as follows:

"One intending to commit a misdemeanor and who in the act of preparing for or executing the same shall through mistake commit a felony shall receive the lowest punishment affixed to the felony."

He contends that his only intent was to commit the misdemeanor offense of resisting arrest or aggravated assault upon a police officer and that if there was a robbery it was the result of a mistake and that the punishment should not be more than for five years.

Article 341(b), V.A.P.C., provides that resisting arrest by use of a gun is a felony. Therefore, Article 44, supra, would not be applicable to the case at bar.

Article 42, V.A.P.C., is applicable. It provides:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

The court did not err in assessing the punishment at twenty-five years instead of five.

█ The appellant has filed a pro se brief of some one hundred and fifty pages plus many motions. Among his many con-

tentions he asserts that he had ineffective assistance of counsel and states in his brief that he had five different attorneys appointed for him.

The appellant asked the court to appoint the Honorable Don Gladden who represented him at the trial to represent him on appeal but later asked that he be discharged. He had previously asked that his other attorneys be discharged. It appears that the attorneys were patient with the appellant and his many demands.

The record does not support his contentions but shows that he had adequate and able counsel during the trial and other proceedings.

He also complains that he was denied a speedy trial. The indictment alleges that the offense was committed on or about the 10th day of October, 1967. The record shows the following:

1. An order for a psychiatric examination was entered March 4, 1968.

2. A sanity hearing was held on the 2nd day of May, 1968, and the jury found that he was insane at the time of the hearing. He was then hospitalized.

3. A jury, on the 21st day of February, 1969, found appellant to be sane.

4. The trial on its merits was started on the 20th day of October, 1969.

5. The record reached this Court on November 19, 1970.

The record does not show that he ever asked for an earlier trial. There is no showing that the appellant was denied a speedy trial.

The defense of insanity at the time of the commission of the offense was rejected by the jury after evidence was submitted by both sides. Appellant's pro se brief and motions written in longhand comprise almost half of all the voluminous matter submitted to this Court. These well written documents would indicate that the appellant was quite lucid especially at the times they were written.

The record contains no reversible error. The judgment is affirmed.