G. H. Rylee v. The State.

No. 6389.    Decided January 4, 1922.

1.—Robbery—Bill of Exceptions—Question and Answers.

Where the bill of exceptions consisted wholly of questions and answers the same will not be considered on appeal.

2.—Same—Requested Charges—Charge of Court.

Where the court's main charge covered the issues submitted in the requested charges, there was no error in refusing the latter.

3.—Same Requested Charge—Actual Force—Robbery.

The proposition that an assault, or actual violence, being shown that the degree of force is immaterial so long as it is sufficient to compel one to

part with his property in trial for robbery, is not controverted in the decision submitted by appellant's counsel, and there was no error in rejecting a requested charge that before conviction could be had the evidence must show beyond a reasonable doubt that the property was taken by such force as to overcome the resistance by the parties from whom it was taken and of which they were capable of offering. Following Clark v. State, 87 Texas Crim. Rep., 107, and other cases.

#### 4.—Same—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence was sufficient to support the conviction, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. H. Cooper,* for appellant.—On question of court's charge: Bond v. State, 20 Texas Crim. App., 421, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery. Punishment five years in penitentiary.

G. H. Rylee and D. C. Cogdell were jointly indicted and tried for the robbery of Mrs. R. B. Hemphill and Mrs. George Griffin. Cogdell was acquitted. Rylee was convicted and his punishment assessed at five years in the penitentiary, from which he prosecutes this appeal.

Appellant's first bill of exceptions consists wholly of questions and answers. It will not be considered in this form. Art. 744 C. C. P.; Art. 2059 R. S.; Vernon's C. C. P., p. 537, note 21; No. 6409, Jetty v. State (opinion November 30th, 1921); No. 6447, Parker v. State, (opinion December 7th, 1921); Hornby v. State, (opinion December 14th, 1921); Johnson v. State, (opinion December 14th, 1921); No. 6443, McDaniel v. State, (opinion December 21st, 1921).

The court was not in error in declining to give special charges brought forward in bills of exceptions No. 2 and 4. In so far as applicable the same subject had been covered in the eighth paragraph of the general charge, and the first special charge given at appellant's request.

Complaint is made at the refusal of the court to give a special charge to the effect that before a conviction could be had the evidence must show beyond a reasonable doubt that the property was taken by "force such as to overcome the resistance of which the parties from whom it was taken was capable of offering," or by such threats or violence as to put them in fear of life or bodily injury. Contention is made in appellant's brief that if property is taken by actual force, without en-

gendering fear, then it must be such force as the party is incapable of resisting before it would be "robbery," under our statute. In support of this proposition we are cited to Tones v. State, 48 Texas Crim. Rep., 368, 88 S. W. Rep., 217; Walters v. State, 56 Texas Crim. Rep., 10, 118 S. W. Rep., 543; Leonard v. State, 120 S. W. Rep., 183. The Walters case was for "assault to rob." It was there said: "If the facts in this case had shown that appellant secured the diamond stud, it would have constituted theft from the person. Failing to so show, it does not constitute an assault to rob." In Leonard's case the defendant was charged with and convicted of theft by conversion. The principle asserted as being the law in the instant case was not discussed. The Tones case, *supra,* is the only one cited by appellant in which the proposition is discussed, and to our minds is against his contention. It rather supports the proposition that an assault or actual violence being shown, then the degree of force is immaterial so long as it is sufficient to compel one to part with his property. 34 Cyc. 1799; State v. Parsons, 7 L. R. A. (N. S.) 566; Williams v. State, 51 Texas Crim. Rep., 361, 102 S. W. Rep., 1134; Clark v. State, 87 Texas Crim. Rep., 107; Horn v. State, 89 Texas Crim. Rep., 220, 230 S. W. Rep., 693.

The State's evidence shows that Mrs. Griffin and Mrs. Hemphill were out driving in an automobile. While going towards Rice Institute in the city of Houston they overtook appellant and his companion, and thinking they were students permitted them to get in the car intending to give them a ride to the Institute. When they reached this place appellant and Cogdell asked permission to ride to the end of the street. Before arriving at that point Cogdell struck Mrs. Hemphill on the head rendering her unconscious for a time. He then took the wheel and drove the car into the country. When Mrs. Griffin attempted to get up appellant jerked her back on the seat and demanded her rings. Upon her refusal to surrender them he asked Cogdell for a knife, threatening to cut her fingers off. Not getting the knife he asked for some plyers, and Mrs. Griffin fearing he would remove the stones from the rings and render it impossible to identify them, permitted him to remove the rings from her fingers, appellant continually holding her arm until this was effected. If the testimony for the State is true, an assault was committed on both ladies, and the force used in connection therewith was sufficient to constitute the offense of robbery. Appellant denied any assault or violence. His evidence was to the effect that he and his companion were with the ladies by previous appointment. That they became somewhat under the influence of liquor and surrendered the jewelry to appellant of their own accord. This issue was submitted under proper instructions, and the jury declined to accept accused's version of it.

Finding no errors in the record the judgment of the trial court is affirmed.

*Affirmed.*