# FEBRUARY 5, 1936

LEONARD BURLUND v. THE STATE.

No. 17806. Delivered December 18, 1935.
Rehearing Denied February 5, 1936.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

The facts in this case are few, only two witnesses testifying. There are no bills of exception in the record.

Ecklund, the party who was alleged to have been robbed, testified that he was with a group of young men and women on East Avenue in Austin, Texas, at a restaurant. Appellant was in the group. Ecklund bought eats and drinks at the cafe and exhibited his money. Some time after midnight one of the men in the cafe asked Ecklund to take him home, that he lived on lower East Avenue. Ecklund complied. Two girls also went in the car with them. Presently the man who asked to be taken home said stop, and told Ecklund to get out of the car. He did. At this juncture, according to Ecklund's testimony,—two or three fellows got out of another car, came up there, caught hold of him, and took from him twenty-three dollars without his consent. He said the reason they got it was because "They held me and took it away from me." As soon as the men took the money they ran away, and all,—including the two girls who had gone out there in Ecklund's car, —got into their car and left. After Ecklund reported the matter to the police, appellant and a friend came out in the country where Ecklund lived and paid him back the money he lost, and asked him not to appear. Ecklund told them whatever the law made him do he would have to do. On cross-examination Ecklund said they grabbed his money before he could make resistance and ran off. He further said he did not get scared; he did not have time to get scared. On re-direct examination he testified: "One or two of those fellows grabbed me when they took the money off of me; they took hold of my person. The reason I did not resist is because I did not think it was any use; so many against me that there was no use to resist." He also said: "They also grabbed me and held me, so if I had started to resist it wouldn't have done me any good." One of the young women who was in the car with Ecklund, going to the place of the alleged robbery, was the only other witness. She detailed facts showing that when the party, who had asked Ecklund to take him home, had gotten far out on East First Street, he told Ecklund to stop. The car in which appellant and another or others were in was following Ecklund's car and had stopped near by. Appellant and his companions got out and went to Ecklund's car. This witness dis-

claimed knowledge of what occurred there, but said all the group save Ecklund got in appellant's car and drove back to the cafe. On the way back appellant said "We got the money." After they got to the cafe appellant split the money among the entire group.

These facts amply justified the verdict of the jury. The only exception to the court's charge was for its failure to submit the law of circumstantial evidence.

Appellant's only complaint of any substance is of the refusal of a special charge asked by him. Same is as follows: "Gentlemen of the Jury: If you believe from the evidence in this case the money was taken from Axel Ecklund so suddenly as not to allow time for him to make resistance, or if you have a reasonable doubt thereof, you will acquit the defendant, and so say by your verdict of not guilty." That the refusal of this was not error is plain. If parties assault another, and some of them hold him while others take from him, without his consent, his property, the rapidity, expertness or quickness with which the property is taken affords no justification, nor does it change the offense committed. The observation just made fits the facts before us.

Ecklund affirmed each time when he was asked that the first thing the appellant and his group did when they came up, was to catch and hold him, and then, as he suggested, having probably observed where he put his money when he bought things at the cafe, they at once took it from him.

In Gallagher v. State, 34 Texas Crim. Rep., 306, Judge Davidson used the following language: "Error is also urged because the court charged the law applicable to robbery, and because the evidence only showed a case of theft from the person. There is nothing in this contention. While it is true the property was taken from the person, yet it was taken by force and violence. This constitutes the offense of robbery under the statute. The statutory offense of theft from the person is not thus constituted. In this latter case the property must be taken from the person without his knowledge, or so suddenly as not to allow time to make resistance, and this must be done by privately stealing the property. Penal Code, arts. 744, 745. If force or violence is used, or the assaulted party is put in fear of life or bodily injury, and the property is thus taken, it is robbery. Penal Code, art. 722."

In Rylee v. State, 90 Texas Crim. Rep., 482, Judge Hawkins writing, we said: "Contention is made in appellant's brief that if property is taken by actual force, without en-

gendering fear, then it must be such force as the party is incapable of resisting before it would be 'robbery,' under our statute. (He then refers to a case cited and discusses it.) It rather supports the proposition that, an assault or actual violence being shown, then the degree of force is immaterial, so long as it is sufficient to compel one to part with his property." Many authorities are cited by Judge Hawkins in this connection.

In Harris v. State, 118 Texas Crim. Rep., 601, Judge Morrow specifically states that the degree of force used is immaterial, citing the case of Rylee v. State, supra; also if force is used, the offense is robbery and not theft from the person, citing Gallagher v. State, supra.

The slightest violence to the person of another is an assault under all the authorities, and when the undisputed facts show that two or more persons seize and hold another while still another takes from him his money, the case is clearly one of robbery, and the charge requested in this case was properly refused.

No error appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In appellant's motion for rehearing he calls attention to our statement in the beginning of our opinion that no bills of exception appear in the record. What we had in mind was that no complaint appeared of things occurring during the trial which are required to be brought forward by formal bills of exception. Exceptions were reserved to the charge for failing to instruct on circumstantial evidence and for refusal of the special charge requested. We think a charge on circumstantial evidence not called for. A further examination of the record confirms us in the view that the issue presented in the requested charge was not raised by the evidence.

The motion for rehearing is overruled.

*Overruled.*