# APRIL 20, 1938

J. W. ALSOBROOK and R. S. ALSOBROOK v. THE STATE.

No. 19412.   Delivered March 16, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*L. A. Dale,* of Pecos, and *Thomas B. Ridgell,* of Dallas, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellants were convicted of the robbery by assault of W. M. Brasheer and taking from him $64.00 in money, and were each awarded a penalty of fifteen years in the penitentiary; hence this appeal.

Appellants' first bill of exception, when taken into consideration with the trial court's qualifiication, is merely to the fact that Mr. Summers, a peace officer, testified that he received a phone call from a certain filling station, and it seems that he immediately responded by appearing at such station. Under such qualification we can see nothing subject to review.

Appellants' bill of exception No. 2 complains chiefly because of a typographical error in the judge's charge wherein the word "guilt" was inaccurately made to read "quilt." The court in his qualification of such bill sets forth the paragraph of such charge where such inadvertence occurs as follows:

"In all criminal cases the burden of proof is on the State and the defendant is presumed to be innocent until his guilt is established by legal and competent evidence, beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendants' quilt you will acquit them and say by your verdict 'not guilty.' "

It is also to be noted that such misspelled word was not made the subject of any objection to the court's charge, and same was not called to the court's attention until this bill of exception was presented to the trial judge. From the context in which it appears as above quoted, such error was but a typographical error, and could not have misled the jury in any way, and we overrule this assignment.

Appellants' bill of exception No. 3 is also qualified by the court, and as thus qualified leaves practically nothing of the original bill, and seems to us to reflect no error.

Appellants' bill of exception No. 4 seems to complain of the witness Brasheer being allowed to detail his movements immediately before and after the alleged robbery for the purpose of giving the court and the jury the name of the different places to which he went both before and after such alleged robbery. We can see no serious infringement of the appellants' rights reflected in such proceeding.

Appellants' bill of exception No. 5 is not borne out by the record as set forth by the trial court in his qualification thereto. The only thing that the bill actually shows, as reflected by the qualification, is that Deputy Sheriff Summers received a call from some place in the town of Wink on December 9, 1936. We find no error in the admission of such testimony.

Appellants' bill of exception No. 6 is to the fact that the person alleged to have been robbed was allowed to testify: "I showed the filling station my money because I thought I was going to have trouble and be hi-jacked," to which testimony appellants' attorneys allege that they objected on various grounds. However the trial judge's qualification to said bill, which is borne out by the record, shows that such statement was brought out by the appellants' attorneys on cross-examination of the State's witness, and no objection made thereto. We therefore conclude that no error is here shown, and to the same effect is appellants' bill No. 7, which is in identically the same condition as bill No. 6.

Appellants' bill of exception No. 8 complains of the prosecuting witness Brasheer being allowed to testify as follows: "I identify them [the two defendants] as the persons who robbed me." This testimony, so the trial court says, was not objected to, but had it been, in our opinion same was so clearly admissible that no argument could be made to the contrary.

Appellants' bill of exception No. 9 seems to have not been offered at the time of the trial, but was an afterthought, and the trial court certifying that no objection was made to the testimony, now made the subject of the bill, we have nothing to consider relative thereto. If it was properly objected to, we find that appellants' attorneys themselves introduced testimony of practically the same character from the same witness. To the same effect is bill of exception No. 10, and the same remarks and ruling are herein applicable. To the same effect is bill No. 11. It seems that the testimony therein complained of was brought forth by appellants' counsel, and not objected to by him. We think their complaint now comes too late.

We also find in the record what is called a bill of exceptions, and what seems to be a blanket objection to all of the trial

judge's qualification to any and all the bills so qualified. This blanket objection was filed on the ninety-first day after the overruling of the motion for new trial. The careful trial judge then prepares a bill himself, which is filed as of a proper date, setting forth all the proceedings relative to the presentation of such bills, showing them to have been filed with the district clerk,—some on September 18, 1937, some on September 20, 1937, and some on September 23, 1937, all within the time required by law and the court's orders. That no objection nor protests were made to said bills and the court's qualifications thereto until the above blanket complaint was received, and then it was too late to withdraw such bills and prepare others. The court certifies that no exception was taken to the court's qualification to the said bills. Under the bill prepared and filed by the court we can see no other procedure that could be followed other than the one he did follow, and no error appears therein.

The appellants vigorously contend in their brief that the testimony in this case of the prosecuting witness does not show a robbery by assault, but if such facts show anything they show theft from the person. With this we can not agree. A necessary requisite of robbery by assault is first the assault, which we have in this case. We find the witness saying that he was dragged out of the filling station by R. S. Alsobrook, who hit him in the mouth with his fist and knocked him down, and "Toughy" (J. W. Alsobrook) run his hand in witness' pocket and took his money. The prosecuting witness further testified that both of appellants were together when they took his money. He did not give them that money; they knocked him down and took it by force. He was afraid of them.

The actual or threatened violence to the person antecedent to the robbery is a distinguishing element between robbery and theft. Reese v. State, 91 Texas Crim. Rep. 457, 239 S. W. 619. The degree of force is immaterial as long as it is sufficient to compel one to part with his property. Rylee v. State, 90 Texas Crim. Rep. 482, 236 S. W. 744. Also see Harris v. State, 39 S. W. (2d) 888. Unquestionably the witness testified to an assault, and a robbery committed during the commission of such assault, and we think the charge was properly laid as a robbery by assault rather than a theft from the person.

No exceptions were taken to the court's charge, and the same seems to be a fair presentation of the law as applicable to the facts herein. The jury saw fit to disbelieve the appellants, and to accept the version of the prosecuting witness as

to the occurrence in question, and we do not feel called upon to disturb such finding.

Believing that there is no error reflected by the record, this cause is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellants, in their motion for a rehearing, insist that we erred in our original opinion in two respects:

First, by considering their bills of exception with the court's qualification, to which they objected and excepted. We note that the bills of exception were qualified by the court and as thus qualified were filed and incorporated in the record without an objection or exception to said qualification. It appears that some time after said bills were filed and after the time had expired within which bills could be filed, appellants filed a general objection to the court's qualification to all of the bills. This general objection or exception was not filed in time and can not be considered by us.

Second, they insist that the evidence is insufficient to show that they were acting together with a common intent under a previously formed design to commit robbery. The testimony shows that both of the appellants approached the victim; that one struck him, knocked him down, and during the struggle the other one ran his hand into the victim's pocket and took the money. This clearly raised a question of fact for the jury. Under the facts, we would not be justified in disturbing the jury's findings.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.