**Bobby DAVIS alias Bobby Sparks,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41367.

Court of Criminal Appeals of Texas.

June 19, 1968.

---

Charles W. Gill, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frederick M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, enhanced by two prior convictions alleged under the provisions of Article 63, Vernon's Ann.P.C., life.

In his sole ground of error appellant challenges the sufficiency of the evidence to sustain the allegations of the indict-ment as to the instant offense of robbery. In particular, appellant contends that there is no testimony to show the complaining witness "gave up her money as a result of force, threats or fraud."

The third paragraph of the indictment charges the instant offense of robbery by assault, violence and putting in fear of life or of bodily injury.

Mrs. Neoma Keller testified that she was employed at Keller's Liquor Store, 1038 West Little York, Harris County, Texas, on November 11, 1965. On that date near the noon hour she related that appellant entered the store, ordered two cans of malt liquor or ale, and as she was placing the cans in a bag, appellant put a gun in her face and said "Put the money in the bag, too, * * *." She then placed $160.00 of her corporeal personal property in the bag. Mrs. Keller further revealed that the appellant made her leave the store and walk down the street with him approximately the length of the courtroom (such distance not described in the record). She stated that she started screaming "I've been robbed" as soon as she heard the appellant turn and run.

At just this time a deputy sheriff appeared on the scene and Mrs. Keller pointed the appellant out to him.

Deputy Sheriff Dickey corroborated the fact that upon his arrival Mrs. Keller was screaming "I've been robbed" and said "There he goes" as she pointed to appellant. He related that appellant, whom he identified, was within earshot of Mrs. Keller at the time of her remarks.

Appellant did not testify or offer evidence on his behalf.

With regard to his particular complaint, appellant in his brief quotes from and relies upon the testimony of Mrs. Keller on direct examination as follows:

"Q. Would you have let the defendant have the money except for the fact that he was holding a pistol on you?

"A. I don't know, I've never been put in that position, I probably would, I don't know.

"Q. Was the reason you gave him the money the fact he was holding the pistol on you?

"A. Well, I feel it was."

Appellant overlooks another portion of Mrs. Keller's testimony on direct examination:

"Q. Were you in fear of your life or serious bodily injury at that time?

"A. Well yes, he was holding a gun on me and * * *.

"Q. Is that the reason you let him have the money?

"A. Yes."

In 5 Branch's Anno.P.C., Sec. 2585, p. 20, it is said:

"Robbery is but an aggravated case of theft. The gist of the offense is the use of some force to fraudulently take any property with the intent to appropriate it to the use of the taker. Gonzales v. State, 136 Crim. 469, 126 S.W.2d 492; Alaniz v. State, 147 Crim. 1, 177 S.W.2d 965; Tomlin v. State, 154 Crim. 1, 224 S.W.2d 259.

"The degree of force used is immaterial so long as it amounts to some kind of assault, violence, or putting in fear, and is sufficient to compel one to part with his property. The slightest force may be used and if force is used, the offense is robbery and not theft from person. Rylee v. State, 90 Crim. 482, 236 S.W. 744; Harris v. State, 118 Crim. 597, 39 S.W.2d 888; Burlund v. State, 129 Crim. 577, 90 S.W.2d 260; Alsobrook v. State, 134 Crim. 322, 115 S.W.2d 668."

In 50 Tex.Jur.2d, Robbery, Sec. 49 (as to the use of force or intimidation of victim), p. 201, it is stated:

"A charge of robbery by assault, violence, and putting in fear of life or of bodily injury is sustained by proof of any one of the means alleged, and there is no variance merely because the evidence may also show the use of firearms or some other deadly weapon."

In the same authority, Sec. 43, p. 197, it is said:

"To sustain a charge of robbery by putting the victim in fear, the evidence must show the existence of conduct, words, or circumstances reasonably calculated to produce fear. Actual fear need not be strictly and precisely proved, however, since fear will be presumed where a sufficient ground for it is shown by the evidence."

Finding the evidence clearly sufficient to sustain the allegations of the indictment and the verdict of the jury, the judgment is affirmed.