James C. LEWIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45073.

Court of Criminal Appeals of Texas.

June 21, 1972.

John T. McCully, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault, with the punishment assessed by the court at 12 years.

■ Appellant's third ground of error complains as follows: "Did the court commit error in failing to instruct a verdict at the close of the State's case in chief?"[1]

It is apparent from the above that the appellant is complaining of the sufficiency of the evidence; primarily he is complaining because he is of the opinion that the State failed to prove a robbery by assault in that they did not prove an assault but proved robbery by threats to do an illegal act. Further, appellant complains that the witness Glenn Morrison was not in truth and in fact a special owner of the merchandise taken and that they failed to prove a proper chain of custody to a part of the merchandise admitted into evidence.

The evidence taken most favorably to the verdict of the jury shows that on the 5th day of February, 1970, about 1:15 a. m., Glenn Morrison was driving a truck on Central Expressway in Dallas and that upon leaving the expressway he was stopped by the appellant James C. Lewis and his co-defendant. He was threatened

---

1. Each ground of error is couched in terms of a question. This does not comply with Art. 40.09, Vernon's Ann.C.C.P. The proper method is by specific allegation of error.

by the co-defendant with a hammer and was told that this was a "hijack." He stated he was in fear of his life or bodily harm. He further testified that the appellant and the co-defendant took, from the truck he was driving, certain merchandise. He identified merchandise introduced into evidence as being the same type and kind of merchandise as taken from his truck. Morrison further identified both the appellant and his co-defendant as the persons who had stopped him, put him in fear of his life, and removed the merchandise from the truck which he was driving. He further testified that he described the car which they were driving and the fact that it had a Louisiana license plate to the police who later apprehended the appellant and his co-defendant in that type car and recovered from the car the articles which were admitted into evidence.

■ The overruling of a defendant's motion for an instructed verdict will be presumed to have been proper. Wilson v. State, 106 Tex.Cr.R. 75, 290 S.W. 1103 (1927). Appellant, in his brief, again advances theories as to his innocence. These theories were heard by the jury and the jury decided the same adversely to appellant.

■ Secondly, appellant claims that the evidence was insufficient to prove robbery by assault. In Alsobrook v. State, 134 Tex.Cr.R. 322, 115 S.W.2d 668 (Tex.Crim. App.1938) this Court held that the degree of force used is immaterial so long as it amounts to some sort of assault, violence, or putting in fear, and is sufficient to compel one to part with his property. Here, the witness testified that he was in fear of his life or bodily injury due to the fact that appellant and his co-defendant had a hammer and told him it was a "hijack." Further, that the co-defendant had the hammer in his hand and drew it back like he was going to hit the witness. This evidence is sufficient to show a robbery by assault.

■ Appellant further complains that the witness Morrison was not shown to be the special owner of the property admitted into evidence. The witness testified that the batteries were his own corporeal personal property without objection. Such evidence is sufficient. See Art. 1408, Vernon's Ann.P.C.

■ Appellant's first ground of error complains, "Did the State suppress evidence that was favorable and of material importance to the defendants in withholding the original container from the jury?" This complaint goes to the fact that there were some 1,200 batteries taken from the truck that were contained in a box and this box was not introduced into evidence, but the batteries had been placed in another box and brought to the trial in the second box. Appellant complains that they attempted to elicit from the police officers why the original container was not put into evidence and that their only excuse was that it was too badly torn to go into evidence. Appellant further says that the box would have supported the appellant's theory that the box was dropped from the truck when the driver sped away from the scene due to his own mistaken impression he was being robbed. We find this contention to be without merit.

■ Appellant's ground of error number two is as follows: "Did the court commit error in allowing certain statements made by the defendants James C. Lewis, Jr. and Ronald Batiste Smith into evidence on the basis that the same are res gestae statements?" Officer Holmes of the Dallas Police Department testified that the complaining witness advised him he had been "hijacked" and that he obtained a description of the vehicle in which appellant was riding. Holmes put the description of the car and its occupants on the air and a short time later was advised that the car and its occupants had been apprehended. Holmes testified over objection of immateriality, to a conversation that he had with appellant

when he arrived at the scene of the arrest. The conversation contained no inculpatory statements, but the appellant contends that it was injected solely for the purpose of inflaming the minds of the jurors. The main gist of the conversation was that appellant used a great deal of profanity and that the co-defendant stated, "You are always picking on us black MF's.", and that the appellant called the officer a "honky cop." These statements were not responsive to any question asked and were not inculpatory. They were made immediately after arrest and no objection was made on the proper ground.

There being no reversible error, the judgment is affirmed.