**Raymond JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45580, 45597 and 45598.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 28, 1973.

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are taken from three convictions for the offense of robbery by assault. The punishment was assessed by the jury at life, 50 years, and 50 years, respectively.

By agreement, appellant was tried jointly upon four separate indictments, each charging a separate crime of robbery by assault. He was acquitted on one cause; the facts concerning the remaining three will be discussed.

The sole contention is that the evidence is insufficient to support the convictions in that the evidence shows theft from the person and not robbery.

The record reflects that between 1:00 and 1:30 A.M., on July 1, 1970, Shirley Phillips was chased into the garage at her residence by appellant. She screamed to her husband for help and began beating on the door to the house. But seeing appellant approaching her from the other side of the car parked in the garage, she attempted to run out of the garage. Appellant caught her from behind and struck her on the back of her head. The blow knocked her to the ground and caused her to drop her purse. Appellant then grabbed her purse and fled.

The following day, July 2, 1970, Ruby Gibson was "brushed" by appellant as she attempted to unlock the door to her apartment at approximately 11:45 P.M. As she turned around, appellant demanded her purse. Mrs. Gibson described the subsequent events as follows:

"A. . . . I held on to the purse and he pulled me two stairsteps from

the top and he struck me in the leg and that's the only reason I turned loose of the purse.

.   .   .   .   .   .

Q. Were you put in fear of your life and bodily injury?

A. Yes, I sure was.

Q. And was this one purse and five dollars current money of the United States of America taken from your person and possession without your consent and against your will?

A. Yes.

.   .   .   .   .   .

Q. State the facts as to whether or not when you were put in fear of your life, ma'am?

A. When he grabbed my purse."

Only minutes after the Gibson incident, at approximately 12:00, Joyce Faye Chester was accosted by appellant as she was stopped at a stop sign waiting for the traffic to clear. Appellant, who was stopped behind Mrs. Chester, jumped out of his car, ran to Mrs. Chester's car and thrust the entire top half of his body through the window on the driver's side. Then, according to Mrs. Chester's testimony, the following occurred:

"A. He started hitting me and then he hit me on the shoulder and my glasses got broken. Then we started fighting and he grabbed my arm and I couldn't move and he snatched my purse.

Q. Did he say anything to you?

A. He told me if I started screaming, he would kill my 'God damn ass,' and I started screaming anyway.

Q. And finally, where was your purse laying?

A. It was laying on the side of me there in the seat.

Q. All right. And he grabbed that?

A. Yes, sir.

Q. And when he stuck his head in that window, started to hit you, were you in fear of your life and bodily injury?

A. Yes, I was.

Q. And what was taken from you, ma'am?

A. My purse.

Q. And was any money in the purse?

A. Yes.

Q. How much money?

A. Thirty dollars.

.   .   .   .   .   .

Q. Was that taken without your consent and against your will?

A. Yes."

In Jones v. State, Tex.Cr.App., 467 S.W. 2d 453, we stated:

".   .   . It is well settled that to constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear. The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will. . . .

"The mere snatching of money from another's hand is not robbery, but is theft from the person."

And in Lewis v. State, Tex.Cr.App., 481 S.W.2d 822, 824, we stated:

".   .   . In Alsobrook v. State, 134 Tex.Cr.R. 322, 115 S.W.2d 668 (Tex. Crim.App.1938) this Court held that the degree of force used is immaterial so long as it amounts to some sort of assault, violence, or putting in fear, and is sufficient to compel one to part with his property."

The evidence here shows that in each case there was, antecedent to the taking of the purse, actual violence which was sufficient to place each complaining witness in fear of her life and serious bodily injury. The evidence further shows that the violence was sufficient to compel each complaining witness to part with her purse against her will. The evidence is therefore sufficient to support a conviction for the offense of robbery by assault. Glasper v. State, Tex.Cr.App., 486 S.W.2d 350; Hicks v. State, Tex.Cr.App., 482 S.W.2d 186; Lewis v. State, supra; Cranford v. State, Tex.Cr.App., 377 S.W.2d 957.

Appellant's pro se briefs have been reviewed and the contentions therein are overruled.

No reversible error having been shown, the judgments are affirmed.