In re K.R. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00230-CV







In the Matter of K. R.







 







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,299, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 K.R., a juvenile, appeals the trial court's order adjudicating that he had engaged
in delinquent conduct. See Tex. Fam. Code Ann. § 54.03 (West 1986 & Supp. 1996). In its
order, the court determined that K.R. violated section 29.02 of the Penal Code in that, while
committing theft of property, K.R. caused bodily injury to Joe Foote and threatened and placed
Foote in fear of imminent bodily injury and death. See Tex. Pen. Code Ann. § 29.02(a) (West
1994). K.R. attacks the adjudication order by two points of error. We will reform the trial
court's order and affirm it as reformed.

 Foote testified that on December 29, 1994, he was returning gifts at Highland Mall
in Austin. While walking in the mall, Foote noticed K.R. and some friends staring at him. As
Foote went from store to store, K.R. and his friends followed, waiting outside the stores while
Foote shopped inside. When Foote emerged from a music store, K.R. put his arm around Foote's
neck and his hand on Foote's back. K.R. choked him and took his necklace. Foote testified that
when K.R. choked him, he told Foote not to turn around or look at him and not to tell anybody. 
Foote stated that he was scared when K.R. said this. When asked whether he was afraid that K.R.
was going to hurt him, Foote answered, "Possibly." He said that it hurt "a little" when K.R. put
his arm around Foote's neck. After removing Foote's neck chain, K.R. told him to walk forward
without turning around, and Foote obeyed.

 A person commits robbery if, in the course of committing theft and with intent to
obtain control of property, he causes bodily injury to another or threatens or places another in fear
of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (West 1994). In his first point
of error, K.R. contends that no evidence exists that he caused bodily injury to Foote. In
addressing a legal sufficiency point, we must consider only the evidence and inferences tending
to support the finding. In the Matter of L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin 1987, writ
ref'd n.r.e.). If any evidence of probative force supports the finding, we must uphold it. 
Responsive Terminal Sys., Inc. v. Boy Scouts of Am., 774 S.W.2d 666, 668 (Tex. 1989).

 "Bodily injury" means "physical pain." Tex. Pen. Code Ann. § 1.07(a)(8) (West
1994). The definition of bodily injury, appearing to be purposefully broad, seems to encompass
even relatively minor physical contacts as long as they constitute more than mere offensive
touching. Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). The degree of injury
sustained by a robbery victim and the type of violence used by an accused are of no moment in
assessing whether physical pain has been inflicted. Id. As long as the violence is clearly
perpetrated against another to prevent or overcome resistance to theft, fine distinctions as to the
degree or character of physical force do not serve the purpose of the statute. Id. at 785;
Alsobrook v. State, 115 S.W.2d 668, 671 (Tex. Crim. App. 1938).

 In Lane, the Court of Criminal Appeals held evidence that the defendant pulled and
twisted a wallet in the complainant's hands, bruising her wrist, sufficient to prove bodily injury. 
763 S.W.2d at 787. See also Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975)
(bodily injury shown when complainant suffered physical pain and bruise from defendant's
grabbing her briefcase and twisting her arm back); Candelaria v. State, 776 S.W.2d 741, 742
(Tex. App.--Corpus Christi 1989, pet. ref'd) (bodily injury shown when defendant pushed
complainant into door, causing pain to his head); Cook v. State, 706 S.W.2d 775, 778 (Tex.
App.--Houston [14th Dist.] 1986, no pet.) (bodily injury shown when defendant grabbed
complainant's arm and forcibly took chain from his neck).

 Guided by these authorities, we hold that the evidence that K.R. choked Foote and
caused him pain is sufficient to prove that K.R. inflicted bodily injury. We overrule point one.

 In point of error two, K.R. asserts that no evidence exists to prove that he
threatened and placed Foote in fear of imminent bodily injury and death. To determine that K.R.
committed robbery, the trial court need only have found that he inflicted bodily injury. Tex.
Penal Code Ann. § 29.02(a)(1) (West 1994). But because the court found both that K.R. caused
bodily injury and that he threatened and placed Foote in fear of imminent bodily injury and death,
we will consider K.R.'s second point of error.

 To commit robbery by threat, a person must threaten violence to the complainant
or intimidate the complainant so as to put him in fear. Green v. State, 567 S.W.2d 211, 213
(Tex. Crim. App. 1978). The fear must be of such nature as to induce a person to part with his
property against his will. Id. Fear of bodily injury means fear of physical pain. Tex. Pen. Code
Ann. § 1.07(a)(8) (West 1994). Further, a threat may be communicated by conduct as well as
orally; an oral threat may be implicit. Welch v. State, 880 S.W.2d 225, 227 (Tex. App.--Austin
1994, no pet.); Wilmeth v. State, 808 S.W.2d 703, 706 (Tex. App.--Tyler 1991, no pet.).

 K.R.'s orders to Foote not to turn around or look at him and not to tell anybody,
spoken while K.R. had his arm around Foote's neck, are some evidence of threatened violence
and intimidation sufficient to put Foote in fear of imminent bodily injury. We agree, however,
that no evidence exists that K.R. threatened Foote with violence and intimidated him sufficiently
to place Foote in fear of imminent death. We therefore sustain point two as to the complaint that
no evidence showed threat and intimidation sufficient to put Foote in fear of imminent death; we
overrule point two as to the complaint that no evidence showed threat and intimidation sufficient
to put Foote in fear of imminent bodily injury.

 We reform the adjudication order to delete the finding that K.R. intentionally and
knowingly threatened and placed Joe Foote in fear of imminent death. Tex. R. App. P. 80(b). 
We affirm the order as reformed.


Before Justices Powers, Aboussie and Kidd

Reformed and, as Reformed, Affirmed

Filed: February 21, 1996

Do Not Publish



urse of committing theft and with intent to
obtain control of property, he causes bodily injury to another or threatens or places another in fear
of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (West 1994). In his first point
of error, K.R. contends that no evidence exists that he caused bodily injury to Foote. In
addressing a legal sufficiency point, we must consider only the evidence and inferences tending
to support the finding. In the Matter of L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin 1987, writ
ref'd n.r.e.). If any evidence of probative force supports the finding, we must uphold it. 
Responsive Terminal Sys., Inc. v. Boy Scouts of Am., 774 S.W.2d 666, 668 (Tex. 1989).

 "Bodily injury" means "physical pain." Tex. Pen. Code Ann. § 1.07(a)(8) (West
1994). The definition of bodily injury, appearing to be purposefully broad, seems to encompass
even relatively minor physical contacts as long as they constitute more than mere offensive
touching. Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). The degree of injury
sustained by a robbery victim and the type of violence used by an accused are of no moment in
assessing whether physical pain has been inflicted. Id. As long as the violence is clearly
perpetrated against another to prevent or overcome resistance to theft, fine distinctions as to the
degree or character of physical force do not serve the purpose of the statute. Id. at 785;
Alsobrook v. State, 115 S.W.2d 668, 671 (Tex. Crim. App. 1938).

 In Lane, the Court of Criminal Appeals held evidence that the defendant pulled and
twisted a wallet in the complainant's hands, bruising her wrist, sufficient to prove bodily injury. 
763 S.W.2d at 787. See also Lewis v. State, 530 S.W.2d 117,